**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SHIRZAD SAIFI,<br>    14i Brandywine,<br>    Amherst, MA 01002<br><br>        Plaintiff(s)<br><br>                v.<br>MARKWAYNE MULLIN, in his official<br>capacity, Secretary, U.S. Department of<br>Homeland Security;<br>JOSEPH B. EDLOW, in his official capacity,<br>Director, U.S. Citizenship and Immigration<br>Services;<br>    2707 Martin Luther King Jr. Ave, SE<br>    Washington, DC 20528-0485<br><br>TODD BLANCHE, in his official capacity,<br>Attorney General, Office of Attorney General,<br>U.S. Department of Justice;<br>    950 Pennsylvania Avenue, NW<br>    Washington, DC 20530-0001<br><br>        Defendant(s). | )<br>)<br>)<br>)<br>)<br>)    Civil Action No<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

Derege B. Demissie, DEMISSIE & ASSOCIATES, P.C., 88 Broad Street, Suite 101, Boston, MA 02110, Tel. 617-354-8833, Email: dd@demissiechurch.com Local Counsel for Plaintiff and Sadaf Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3701 W. Algonquin Road, Ste. 630, Rolling Meadows, IL 60008, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: sadaf@jeelani-law.com, Non-resident Attorney for Plaintiff.

1

**INTRODUCTION**

COMES NOW SHIRZAD SAIFI, (hereinafter "Plaintiff SAIFI" or "Plaintiff"), by and through the undersigned attorney, in the above cause, and states as follows:

1. Plaintiff SAIFI is a citizen of Afghanistan who was granted asylee status in the United States on August 4, 2023. Having accumulated one year or more of time in asylee status, he has the right to apply for permanent resident status by filing Form I-485, Application for Adjustment of Status ("Application"). Plaintiff's Application was properly and completely filed on June 4, 2024.

2. This action is brought as a result of Defendants' failure to adjudicate Plaintiff's Application in a reasonable period of time. The Application has been in pending status for a period of over 22 months, which is over one and a half times the historical average processing time (13.4 months) for similar filings made in 2024[1].

3. The Plaintiff has a clear right to adjudication of his Application within a timely manner.

4. The final adjudication of the Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

5. Defendants have unlawfully withheld and unreasonably delayed adjudication of Plaintiff's application.

6. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants, and those acting under them, to take action on the Application.

---

[1] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

**PARTIES**

7.      Plaintiff SHIRZAD SAIFI is a citizen of Afghanistan and for purposes of the instant action he is a resident of Hampshire County, Massachusetts**.** He is the applicant of a properly filed Form I-485, Application to Register Permanent Residence or Adjust Status. (Receipt # MSC2490864588).

8.      Defendant MARKWAYNE MULLIN is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MULLIN is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

9.      Defendant JOSEPH B. EDLOW is the Director of USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

10.      Defendant TODD BLANCHE is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5.  This action is filed against him in his official capacity.

**JURISDICTION AND VENUE**

11.      This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

12.　　Venue is proper in the District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391(e) in that this is the district in which the Plaintiff resides, and no real property is involved in this action.

## EXHAUSTION OF REMEDIES

13.　　The Plaintiff has exhausted his administrative remedies. The Plaintiff has supplied USCIS with documents that establish his eligibility for the approval of his Application.

14.　　There are no further administrative remedies available for the Plaintiff to utilize.

## FACTUAL ALLEGATIONS

15.　　On August 4, 2023, Plaintiff SAIFI was granted asylee status. (Receipt# ZBO2252885110). **[EXHIBIT A].**

16.　　On June 4, 2024, Plaintiff SAIFI properly filed, Form I-485, Application to Register Permanent Residence or Adjust Status with USCIS (Receipt# MSC2490864588).　**[EXHIBIT B].**

17.　　On July 25, 2024, USCIS informed Plaintiff SAIFI that it would be able to reuse his previously captured fingerprints and other biometrics. As such Plaintiff would not be required to appear at a designated USCIS Application Support Center. [**EXHIBIT C**]

18.　　USCIS has made no requests for information or evidence from the Plaintiff, nor have they scheduled Plaintiff for his required interview.

19.　　Plaintiff's Application now continues to be pending with USCIS for over one year and ten months (over 22 months or 696 days) without any indication of when a full and final adjudication of his Application will be completed.

20.    USCIS has published a historical average processing time in 2024 of 13.4 months for the adjudication of Form I-485 Applications filed based on a grant of asylum more than one year ago. Plaintiff's Application has been pending for over 22 months, which is over one and a half times the historical average processing time as reported by USCIS.[2]

21.    On or about November 27, 2025, U.S. Citizenship and Immigration Services ("USCIS"), a component of the U.S. Department of Homeland Security ("DHS"), implemented a categorical pause on the adjudication of immigration benefit requests filed by Afghan nationals. This policy was reflected in internal agency guidance and public-facing communications indicating that certain applications would not be adjudicated pending additional review of security and vetting procedures. As implemented, the pause applied broadly to multiple forms of relief, including but not limited to applications for asylum, adjustment of status, and other humanitarian and family-based immigration benefits. USCIS failed to provide individualized determinations, meaningful notice, or a definite timeline for adjudication, effectively placing affected applications in indefinite limbo.

22.    This blanket suspension departs from USCIS's statutory and regulatory obligations to adjudicate applications on a case-by-case basis and within a reasonable time. See 8 U.S.C. § 1571(b) (expressing congressional intent that immigration benefit applications be completed within 180 days); 5 U.S.C. § 555(b) (requiring agencies to conclude matters presented to them within a reasonable time).

23.    Plaintiff SAIFI is a national of Afghanistan and, upon information and belief, is subject to the categorical adjudication pause implemented by U.S. Citizenship and Immigration Services ("USCIS") affecting certain adjustment of status applications filed by Afghan nationals. As a

---

[2] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

result of this policy, Defendants have unlawfully withheld and unreasonably delayed adjudication of Plaintiff's application. This delay is based on an unpublished internal agency policy, applied categorically rather than through an individualized determination, and imposed without notice, justification, or any defined timeline for adjudication.

24.    Defendants have refused to provide further explanation which would merit the need for over 22 months of processing time.

25.    The extended delay in adjudicating the Plaintiff's application has imposed further emotional and practical burdens on the family, including uncertainty about Plaintiff SAIFI's ability to fully support and provide for his household, an issue made even more pressing by the recent birth of their child.

26.    Plaintiff SAIFI has endured significant financial and emotional burdens as a result of the unreasonable period of time that his case has been pending without action by USCIS. Furthermore, due to the prolonged delay in the adjudication of the applicant's case with USCIS, the applicant has been experiencing significant stress and anxiety. As a result, the applicant is currently under medical care and taking prescribed medication to manage these conditions.

27.    Plaintiff SAIFI has been deprived of the opportunity to have accumulated sufficient time as a permanent resident to become a U.S. citizen.

## COUNT I

## VIOLATION OF THE APA- FORM I-485

28.    All prior paragraphs are re-alleged as if fully stated herein.

29.    Plaintiff SAIFI has a statutory right to apply for the adjustment of his status to a permanent resident by filing Form I-485, Application to Register Permanent Residence or Adjust Status pursuant to INA 209(b); 8 U.S.C. § 1159(b).

6

30.     Defendants have a duty to adjudicate Plaintiff SAIFI's Application within a reasonable period of time under 5 U.S.C. §555(b).

31.     The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

32.     No other adequate remedy is available to Plaintiff.

33.     Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to adjudicate his Application.

34.     Defendants do not have a lawful and legitimate reason for not making a decision on Plaintiff SAIFI's Application for over 22 months, Plaintiff's Application has been pending for an unreasonably long period of time.

35.     Defendants have failed in their statutory duty to adjudicate Plaintiff SAIFI's Application in a reasonable period of time.

36.     Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff SAIFI's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff SAIFI's case.

37.     Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff SAIFI's Application, thereby depriving Plaintiff of the rights to which he is entitled.

## COUNT II

## VIOLATION OF THE APA- ARBITRARY AND CAPRICIOUS ACTION (5 U.S.C. § 706(2)(A)

38.     All prior paragraphs are re-alleged as if fully stated herein.

7

39.    Defendants' application of a nationality-based pause to Plaintiff SAIFI's Form is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

40.    The Administrative Procedure Act requires federal courts to "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

41.    Based on information presently available to Plaintiff, he reasonably believes that Defendants have effectively refused to adjudicate his application solely because of his Afghan nationality.

42.    Upon information and belief, Afghanistan has been designated as one of several "high risk" countries subject to a categorical pause on the adjudication of immigration benefits pursuant to recent presidential directives, executive actions, and internal U.S. Citizenship and Immigration Services ("USCIS") guidance implemented in late 2025 and early 2026.[3] Following a reported security-related incident involving an Afghan national in or about November 2025, Defendants imposed broad restrictions affecting Afghan nationals as a class. As part of these measures, USCIS placed a hold on pending immigration benefit requests for nationals of approximately nineteen designated countries, including Afghanistan. This pause applies to, *inter alia*, applications for adjustment of status (Form I-485), and has resulted in the suspension of adjudications without individualized review, notice, or any defined timeline for completion, in contravention of Defendants' statutory and regulatory obligations.

43.    Defendants' reliance on this directive to halt adjudication of Plaintiff's Application constitutes arbitrary and capricious agency action.

---

[3] *See* January 1, 2026 USCIS Policy Memorandum at https://www.uscis.gov/sites/default/files/document/policy-alerts/PM-602-0194-PendingApplicationsAdditionalHighRiskCountries-20260101.pdf

44.     Nothing in the Immigration and Nationality Act authorizes Defendants to categorically refuse to adjudicate otherwise-eligible applications for lawful permanent residence solely on the basis of the applicant's country of nationality.

45.     By suspending or refusing to adjudicate Plaintiff's application on this basis, Defendants have acted in a manner that is contrary to law, exceeds their statutory authority, and undermines the immigration framework enacted by Congress.

46.     Congress did not authorize USCIS to categorically suspend adjudication of otherwise-eligible applicants based solely on nationality.

47.      Defendants' conduct is further arbitrary and capricious because it disregards the individualized facts of Plaintiff's case, including his grant of asylee status and his resulting eligibility to adjust status.

48.     Applying a blanket pause without individualized assessment ignores Plaintiff's eligibility.

49.     The challenged action therefore represents an unlawful categorical policy that conflicts with the statutory scheme enacted by Congress.

50.      As a direct result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer concrete harm, including prolonged uncertainty regarding his immigration status and the inability to obtain a timely adjudication of the immigration benefits for which he is otherwise eligible.

51.     Defendants have failed to provide reasoned explanation for the indefinite delay in adjudicating Plaintiff SAIFI's Application.

52.     Plaintiff is therefore entitled to relief under the Administrative Procedure Act, which authorizes this Court to set aside agency action that is arbitrary, capricious, or otherwise not in accordance with law.

## COUNT III

### ULTRA VIRES AGENCY ACTION

53. All prior paragraphs are re-alleged as if fully stated herein.

54. Federal agencies may not act beyond the authority granted by Congress.

55. The authority of Defendants to administer and adjudicate immigration benefits derives from statutes enacted by Congress, including the Immigration and Nationality Act.

56. Plaintiff SAIFI was granted asylee status in the United States.

57. Plaintiff is also the applicant of a properly filed Form I-485, Application to Register Permanent Residence or Adjust Status based on having accrued more than one year in asylee status.

58. Defendants have effectively refused to adjudicate Plaintiff's application solely because of his Afghan nationality. Upon information and belief, beginning in late 2025, following a reported security-related incident involving an Afghan national, USCIS and the administration implemented a categorical pause on the adjudication of certain immigration benefits for nationals of Afghanistan and other countries. This pause, however, is applied as a blanket restriction rather than through individualized review, and Defendants have failed to consider Plaintiff's specific circumstances, including his eligibility for adjustment of status. Such a blanket application is arbitrary, capricious, and contrary to law.

59. Nothing in the Immigration and Nationality Act authorizes Defendants to categorically suspend or refuse to adjudicate immigration benefits submitted by otherwise eligible applicants based solely on their nationality.

60. Congress did not delegate to Defendants the authority to impose a blanket suspension of

adjudications affecting entire categories of applicants who otherwise qualify for immigration benefits under federal law.

61.    By refusing to adjudicate Plaintiff SAIFI's Application on this basis, Defendants have acted outside the scope of their statutory authority and in contravention of the immigration framework established by Congress.

62.    Such actions constitute ultra vires conduct, as Defendants have exercised power that has not been granted to them by statute.

63.    Defendants' ultra vires conduct has caused and continues to cause concrete harm to Plaintiff, including prolonged uncertainty regarding his immigration status and the deprivation of a timely adjudication of the immigration benefits for which he is otherwise eligible.

64.    As applied to Plaintiff, Defendants' conduct exceeds statutory authority and is ultra vires.

65.    Plaintiff is therefore entitled to declaratory and injunctive relief preventing Defendants from continuing to act beyond the authority granted to them by Congress and compelling them to adjudicate Plaintiff's pending Form I-485 Application.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court:

1.    Declare that Defendants have unlawfully withheld and unreasonably delayed adjudication of Plaintiff's Form I-485 Application in violation of the Administrative Procedure Act, 5 U.S.C. § 706(1);

2.      Declare that Defendants' policy, practice, or pattern of suspending or delaying adjudication of Plaintiff's Application based on nationality constitutes arbitrary, capricious, and unlawful agency action under 5 U.S.C. § 706(2)(A);

3.      Declare that Defendants' actions exceed their statutory authority and constitute ultra vires conduct;

4.      Compel Defendants, pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1), to adjudicate Plaintiff's Form I-485 Application;

5.      Order Defendants to complete such adjudication within a time certain, to be determined by this Court;

6.      Enjoin Defendants from continuing to apply any policy or practice that categorically suspends or delays adjudication of Plaintiff's Application without individualized review;

7.      Retain jurisdiction over this matter to ensure compliance with the Court's order;

8.      Award Plaintiff reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d); and

9.      Grant such other and further relief as the Court deems just and proper.


 Date:  May 1, 2026                                Respectfully submitted,


                                                    /s/ Sadaf F. Ahmed
                                                   **Sadaf F. Ahmed, Esq.**
                                                   **JEELANI LAW FIRM, PLC**
                                                   **3701 W. Algonquin Road, Ste. 630**
                                                   **Rolling Meadows, IL 60008**
                                                   **sadaf@jeelani-law.com**
                                                   **Phone:(312) 767-9030**
                                                   **Fax:(312) 767-9030**
                                                   ***Non-resident for Plaintiff***
                                                   ***Pro Hac Vice Admission Pending**

/s/ Derege B. Demissie
**Derege B. Demissie, Esq.**
**DEMISSIE & ASSOCIATES, P.C.**
**88 Broad Street, Suite 101**
**Boston, MA 02110**
**dd@demissiechurch.com**
**Tel.  617-354-8833**
**Cell. 617-501-7655**
***Local Counsel for Plaintiff***